IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br>v. )<br> )<br>DORIEAN BARBERI, )<br> )<br>Defendant. )<br> ) | Criminal Case No. 2:14cr162 (RCY) |

**MEMORANDUM OPINION**

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 46) ("Motion for Compassionate Release"), the response by the United States (ECF No. 49), a *pro se* Motion for Hardship Credit (ECF No. 50), the supplemental response by the United States (ECF No. 51), a *pro se* Motion for Reduction of Sentence (ECF No. 52), and other related filings. The Defendant's initial *pro se* motions for compassionate release (ECF Nos. 41 and 42) were terminated as supplanted by the Motion for Compassionate Release (ECF No. 46), pursuant to the Court's Order of December 11, 2020 (ECF No. 43).

The Court has reviewed these documents and all exhibits, and the matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons that follow, the Court will deny the Motion for Compassionate Release, the *pro se* Motion for Hardship Credit, and the *pro se* Motion for Reduction of Sentence.

1

## I. BACKGROUND

Doriean Barberi ("the Defendant" or "Barberi") was charged in a seven-count indictment on December 3, 2014. (ECF No. 1.) Barberi pled guilty on May 7, 2015, to Count Two, charging Transportation of a Minor for Prostitution, in violation of 18 U.S.C. § 2423(a). (ECF Nos. 19 – 22.) According to the Plea Agreement and the Presentence Investigation Report ("PSR"), Count Two required a mandatory minimum term of imprisonment of ten years, with a maximum term of life. (Plea Agreement, ECF No. 20 ¶ 1; PSR, ECF No. 47 ¶ 89.) The advisory Sentencing Guidelines range was 188 to 235 months. (PSR ¶ 89.) On October 22, 2015, the Honorable United States District Judge Henry C. Morgan sentenced the Defendant to 188 months of imprisonment on Count Two. (ECF Nos. 33 – 35.)

In the Motion for Compassionate Release, Barberi argues that she has already contracted COVID-19 once, has fibroids in her uterus and anemia, and, in March 2019, had surgery to remove a large pelvic mass. (Mot. Comp. Release at 1-2.[1]) She contends that the medical care provided by the BOP is inadequate. (*Id.*) She also contends that she is needed at home to care for her aging mother and her minor children during the pandemic. (*Id.* at 2-3.) She argues that "the global COVID-19 pandemic combined with Ms. Barberi's medical conditions, and dire circumstances at home present 'extraordinary and compelling reasons' for compassionate release." (*Id.* at 3.) She seeks immediate compassionate release. (*Id.* at 4.)

In the Motion for Hardship Credit, Barberi argues that she should be given "two days of credit for one day served." (ECF No. 50 at 2.) In the Motion for Reduction of Sentence, she requests a reduction of sentence pursuant to "post-sentencing rehabilitation." (ECF No. 52 at 1.)

---

[1] The Court employs the pagination assigned to the parties' submissions by the CM/ECF docketing system.

## II.  LEGAL STANDARD:  COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT OF 2018

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons," "upon motion of the Director of the Bureau of Prisons," or "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i).  Once the administrative remedies under § 3582(c)(1)(A) have been exhausted or waived, the Court may reduce or modify a sentence when "extraordinary and compelling reasons warrant such a reduction."  *Id.*  Section 3582(c)(1)(A) also requires courts to consider "the factors set forth in section 3553(a) to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentencing modification. *Id*.

It is settled that the burden is on the defendant to prove that extraordinary and compelling reasons exist for compassionate release under § 3582(c)(1)(A)(i).  *White v. United States*, 378 F. Supp. 3d 784, 785 (W.D. Mo. 2019).  While courts do not "minimize the risks that COVID-19 poses in the federal prison system," the "mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."  *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).  It is also generally true that "chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."  *United States v. Molina*, No. 3:15cr31, 2021

WL 1323402, at *2 (E.D. Va. Apr. 8, 2021) (citation omitted). "In assessing whether the record shows the existence of extraordinary and compelling reasons for compassionate release, courts consider, *inter alia*, the guidance of the CDC [Centers for Disease Control and Prevention], and non-binding policy statements of the United States Sentencing Guidelines." *Id.* "[T]o constitute extraordinary and compelling reasons for compassionate release, medical conditions must be serious." *Id.* To establish the existence of "extraordinary and compelling" reasons for compassionate release because of COVID-19,[2] a defendant generally must show "both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility." *United States v. White*, No. 2:07cr150, 2020 WL 1906845, at *1 n.2 (E.D. Va. April 17, 2020) (quoting *United States v. Feiling*, 453 F. Supp. 3d 832, 840 (E.D. Va. 2020)).

In *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020), the Fourth Circuit held that "there currently exists no 'applicable policy statement'" because the Sentencing Commission has not issued a policy statement since the passage of the First Step Act. *Id.* at 281. Therefore, until the Sentencing Commission issues an updated policy statement, "district courts are 'empowered to consider any extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (alteration omitted) (quoting *United States v. Brooker*, 976 F.3d 228, 230 (2d Cir. 2020)).

Although the policy statement in U.S.S.G. § 1B1.13 is no longer binding on this Court after the Fourth Circuit's decision in *McCoy*, many courts are treating § 1B1.13 "as providing useful guidance about how the Court should exercise its discretion under § 3582(c)(1)(A)," but

---

[2] According to her counsel, Barberi, age 43, is still suffering from the effects of COVID-19, has other serious medical conditions, and is needed at home because of the pandemic. (ECF No. 46 at 3.)

they are not "treat[ing] its provisions as binding." *United States v. Dean*, No. 15-CR-0339(1), 2020 WL 7055349, at *1 (D. Minn. Dec. 2, 2020) (citing *McCoy*, 981 F.3d at 281); *see also United States v. Spencer*, No. 2:11cr30, 2021 WL 713287, at *2 (E.D. Va. Feb. 24, 2021) (noting that "the policy statement in U.S.S.G. § 1B1.13 is no longer binding . . . after . . . *McCoy*," but that "the court finds certain of its provisions useful in addressing [compassionate release motions]").

Section 1B1.13's guidance provides that a defendant's medical conditions, age, family circumstances, or other circumstances, either singly or in combination, can prove sufficiently extraordinary and compelling to justify compassionate release. U.S.S.G. § 1B1.13, application notes 1(A)-(D). It advises that, to be extraordinary and compelling, a defendant's medical conditions must be either "terminal . . . with an end of life trajectory" or must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13, application note 1(A).

Similarly, a defendant may be released based on his advanced age when he "is at least 65 years old," "is experiencing a serious deterioration in physical or mental health because of the aging process," and "has served at least 10 years or 75 percent of his or her term of imprisonment." § 1B1.13, application note 1(B). Defendants may also seek compassionate release based on family circumstances, including when the caregiver of a defendant's minor child has died or become incapacitated, or when the defendant's spouse or partner has become incapacitated and the defendant constitutes the only available caregiver. § 1B1.13, cmt. application note 1(C). Finally, the Sentencing Guidelines contemplate situations in which "there exists in the defendant's case an extraordinary and compelling reason [for compassionate

5

release] other than, or in combination with, [the defendant's medical conditions, age, and family circumstances]." § 1B1.13, cmt. application note 1(D).

Even if extraordinary and compelling reasons exist for a reduction in sentence, § 3582(c)(1)(A) requires courts to consider "the factors set forth in section 3553(a) [of Title 18] to the extent they are applicable" and "applicable policy statements issued by the [United States] Sentencing Commission" before granting a sentence modification. To that end, § 3553(a) requires courts to consider, among other factors, the nature and circumstances of the underlying offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence and protect the public from further crimes of the defendant. 18 U.S.C. § 3353(a)(1)-(2).

The Fourth Circuit provided additional guidance in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). It explained that the district court must "reconsider[] the § 3553(a) factors in view of the extraordinary and compelling circumstances present in [the defendant's] case." *Id*. at 332. In his concurring opinion, Chief Judge Gregory makes it even more clear that the district court may not "fulfill its duty to reconsider the § 3553(a) factors by merely recounting the considerations that supported the original sentence." *Id*. at 335 (Gregory, C.J., concurring). "Section 3582(c)(1) necessarily envisions that the § 3553(a) factors may balance differently upon a motion for compassionate release than they did at the initial sentencing." *Id*. "If a district court's original § 3553(a) analysis could always prove that a sentence reduction would intolerably undermine the § 3553(a) factors, then 18 U.S.C. § 3582(c)(1) would, in effect, be a nullity." *Id*. Judge Gregory notes that "[a] day in prison under the current conditions is a qualitatively different type of punishment than one day in prison used to be," and that "[t]hese

conditions, not contemplated by the original sentencing court, undoubtedly increase a prison sentence's punitive effect." *Id*. at 336.

Courts must also consider "evidence of rehabilitation and other post-conviction conduct." *United States v. Brown*, No. 3:90cr113, 2021 WL 3206548, *2 (E.D. Va. 2021) (citing *United States v. Martin*, 916 F.3d 389, 397–98 (4th Cir. 2019) (requiring consideration of post-conviction evidence and statutory sentencing factors in the context of a sentence reduction sought pursuant to § 3582(c)(2)); *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021) (extending *Martin* to motions filed pursuant to § 3582(c)(1)(B))). The *Brown* decision also notes that a defendant's "rehabilitation alone does not provide sufficient grounds to warrant a sentence modification." *Id*. (citing 28 U.S.C. § 994(t)).

Additionally, the Sentencing Commission has advised courts to consider whether, based on the factors set forth in 18 U.S.C. § 3142(g), a defendant would present a danger to the safety of any other person or to the community if released.[3] U.S.S.G. § 1B1.13(2). As noted herein, pursuant to *United States v. McCoy*, the policy statement is not binding, but it provides useful guidance.

Ultimately, the Court may reduce a defendant's sentence under § 3582(c)(1)(A) only after (1) the defendant establishes an extraordinary and compelling reason for the reduction, and (2) the Court finds that a reduction in the defendant's sentence would not undermine the relevant § 3553(a) factors and any applicable policy statements issued by the Sentencing Commission.

---

[3] As modified in the context of a compassionate release motion, before releasing a defendant, courts should consider: (1) the nature and circumstances of the offense of conviction, including whether the offense is a crime of violence, a violation of § 1591, a terrorism offense, or an offense involving a minor victim, controlled substance, firearm, explosive or destructive device; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including his or her character, physical and mental condition, family and community ties, financial resources, history of substance abuse and criminal history, as well as whether at the time of the instant offense, the defendant was on a period of probation, parole or other form of release; and, (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g)(1)-(4).

## III. ANALYSIS

The parties agree that Barberi has satisfied the exhaustion requirement. But, after a careful review of the motions, memoranda, exhibits, and other related documents, including the latest information from FCI Aliceville, the Court concludes that Barberi's health conditions do not support a finding of extraordinary and compelling reasons for a reduction in her sentence. Barberi's medical records show that she no longer has uterine fibroids but rather that she has an ovarian cyst. (ECF No. 46-1.) The CDC provides guidance regarding certain medical conditions and distinguishes between individuals who "are at increased risk" and those who "might be at an increased risk" for severe illness from the COVID-19 virus. Barberi's conditions do not put her in either of those categories. *See* People with Certain Medical Conditions | CDC (Updated Aug. 20, 2021). The medical records indicate that Barberi's medical conditions are well-managed, although they also indicate that Barberi refused a pelvic ultrasound to monitor and treat the ovarian cyst. (ECF No. 49-1.) Barberi has survived COVID-19 once, and she is not in an age category that creates an increased risk. (ECF No. 49-2.) In addition, according to BOP records, after initially refusing the Pfizer vaccine on April 13, 2021, Barberi has received both doses of the Pfizer vaccine, receiving the first dose on May 27, 2021, and the second dose on June 16, 2021. (ECF No. 51-1.)

Barberi is housed at FCI Aliceville. There are currently 2 positive cases among the inmates at that facility, 5 positive cases among the staff, no inmates or staff at that facility have died of COVID-19, and there have been a total of 127 inmates and 17 staff members who tested positive and recovered, according to data available at www.bop.gov/coronavirus/ (updated daily at 3:00 p.m.) (last visited September 27, 2021).

Accordingly, the Court finds that Barberi has not demonstrated that she faces a particularized risk if she gets COVID-19 again, nor has she demonstrated that she faces a particularized risk of contracting COVID-19 again at FCI Aliceville.

The Court also finds that the Defendant's family circumstances, even in combination with her medical conditions, do not establish an extraordinary and compelling reason for a reduction in her sentence. Although Barberi contends that she is needed at home, her mother recently recovered from COVID-19, so it appears that her mother remains available to care for the Defendant's minor children. (ECF No. 46 at 2.)

Accordingly, the Court finds that Barberi has not established an extraordinary and compelling reason for a reduction in her sentence.

Moreover, even if the Court found that Barberi had established an extraordinary and compelling reason for a reduction in her sentence, the Court does not, in its discretion, find a reduction in sentence to be appropriate under the relevant § 3553(a) factors and non-binding policy statements. The Court finds that a reduction in Barberi's sentence would, in fact, undermine the relevant § 3553(a) factors. In particular, a reduction in Barberi's sentence would undermine the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence, given the nature and circumstances of the underlying offenses, and Barberi's history and characteristics.[4] Barberi's current sentence is reasonable and appropriate, and it is no greater than necessary to achieve the objectives of § 3553(a).

For these reasons, the Motion for Compassionate Release will be denied.

---

[4] While not relevant in this case given the Court's finding that Barberi has not established an extraordinary and compelling reason for a reduction in her sentence, the Court also notes ECF No. 39.

Barberi's *pro se* Motion for Hardship Credit (ECF No. 50) and *pro se* Motion for Reduction of Sentence (ECF No. 52) will also be denied. In the Motion for Hardship Credit, Barberi fails to identify an appropriate procedural vehicle or legal support for her contention that she should receive two days credit for every one day served. Regarding the Motion for Reduction of Sentence, the Court commends Barberi for the courses she has successfully completed. The Court is hopeful that, when Barberi completes her sentence and is released, the knowledge and skills she has gained will assist her obtaining employment and being successful. As noted previously, a defendant's "rehabilitation alone does not provide sufficient grounds to warrant a sentence modification." (28 U.S.C. § 994(t)).

## IV. CONCLUSION

For the reasons set forth herein, the Motion for Compassionate Release, the *pro se* Motion for Hardship Credit, and the *pro se* Motion for Reduction of Sentence will be denied.

An appropriate Order shall issue.

/s/ 
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: September 29, 2021